IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LELAND SHEFBUCH,                              :

      Plaintiff,                              :    Case No. 3:14cv133

vs.                                                        :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,  :

      Defendant.                              :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S FINDING THAT PLAINTIFF WAS NOT DISABLED; MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS UNDER A "DISABILITY" WITHIN THE MEANING OF THE SOCIAL SECURITY ACT AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER AND THE ADMINISTRATIVE LAW JUDGE, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On June 4, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated; that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and

remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with her Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no finding as to whether Plaintiff was under a "disability" within the meaning of the social Security Act; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings and consideration consistent with her Report and Recommendations. The Plaintiff's Objections to said judicial filing (Doc. #15) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated.

      In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir.

1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Upon remand, the Administrative Law Judge should keep in mind the non-onerous burden upon a Plaintiff to demonstrate the existence of a severe impairment, and the fact that a black and white x-ray does not enable one to visualize a right rotator cuff injury.

2. The Commissioner points to lack of treatment and, presumably, lack of diagnostic validation of his claimed right rotator cuff impairment. Plaintiff testified as to the initial physician's recommendation for therapy, and that, once Plaintiff indicated he lacked the insurance to pay for same, the physician never raised the issue again. Similarly, one can only imagine the reaction of the receptionist at the intake desk of an Imaging Facility, when an individual walks in and says something to the effect

of "[h]i, I'd like an MRI, but I have no insurance to pay for it." The Commissioner's regulations require that explanations such as the Plaintiffs be considered before non-treatment is accepted as an inference adverse to the claimant.

3. Remand in this matter is proper, rather than an award for the payment of benefits, given that evidence of disability herein is not overwhelming and, in addition, because the evidence of disability is not strong while contrary evidence is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (Sixth Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety and, in so doing, vacates the Commissioner's finding that Plaintiff was not disabled and not entitled to benefits under the Social Security Act; making no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. § 405(g), for further consideration and administrative proceedings consistent with her Report and Recommendations.  Upon remand, in addition to the foregoing, the Administrative Law Judge is directed:  (1) to re-evaluate the medical source opinions of record under the legal criteria set forth in the Commissioner's Regulations and Rulings and as required by case law; and (2) to determine anew whether Plaintiff was under a disability and thus eligible for benefits under the Social Security Act. Finally, the Administrative Law Judge is directed to secure any and all

relevant medical evidence, including diagnostic tests, to determine whether the Plaintiff's right rotator cuff issues are "severe" within the meaning of the Social Security Act and, if so, to determine, in combination with any and all other severe disabilities found, whether those severe impairments render Plaintiff eligible for benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 22, 2015

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record